### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, )<br><br>Plaintiff, )<br><br>vs. )<br><br>THE TROAST GROUP, INC., )<br><br>Defendant. ) | Civil Action No. 1:05-CV-01662-ESH |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO VACATE DEFAULT JUDGMENT

### I. BACKGROUND

This case was brought by Plaintiff International Painters and Allied Trades Industry Pension Fund ("the Fund") against The Troast Group, Inc. ("Troast"), seeking damages and injunctive relief under the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments of 1980, 29 U.S.C. § 1145. Troast seeks relief from an Order issued by this Court on November 21, 2005 granting the Fund's Motion for Default Judgment. Such relief is warranted because, despite diligent efforts on its part, through no fault of its own, and without any prejudice to the Fund, Troast's timely Answer to the Complaint was rejected because its attorney of record was not a member of the Bar of this Court. Moreover, Troast's subsequent efforts to engage counsel to oppose the imposition of a default judgment in this action came to naught when, without its knowledge and counter to its instructions to its former counsel, no response to the Fund's Motion for Default Judgment was filed.

The Complaint in this action was filed on August 19, 2005 and was served on Troast at its offices in Paramus, New Jersey on August 29, 2005. After this Court approved the parties' stipulation extending the deadline for filing an Answer to the Complaint until October 18, 2005, Troast's initial counsel in this matter, Wollmuth Maher & Deutsch of Philadelphia, Pennsylvania, attempted to file the Answer by sending it to the Court by overnight mail on October 17, 2005. Answer of Defendant The Troast Group, Inc., October 17, 2005, attached hereto at Tab 1. The Answer was signed by attorney Paul R. DeFilippo who, although he is a member of the Bar for the District of Columbia, is not a member of the Bar of this Court. Certification of Douglas K. Troast ("Troast Certif."), attached hereto at Tab 2, ¶ 5. Therefore, the Clerk of this Court rejected the Answer, deleted it from the docket on October 20, 2005, and issued an Entry of Default on October 25, 2005.

Within days, Troast contacted the law firm of McManus, Schor, Asmar & Darden, LLP located in Washington, D.C., for the purpose of seeking to vacate the entry of default and filing a proper Answer. *Id.* at ¶ 6. With that aim in mind, Troast's original counsel forwarded materials concerning the case to the Washington, D.C. firm to allow it to file such papers with the Court. *Id.* at ¶ 7. However, no such filings were made. Troast was not informed of this failure until it learned of the Default Judgment a few days ago. *Id.* Troast engaged its current Washington, D.C. counsel shortly thereafter. *Id.* at ¶ 8.

## II. LAW AND ARGUMENT

Although a default judgment may be granted if a party fails to file an answer, the courts have long recognized that "strong policies favor the resolution of genuine disputes on their merits," rather than entering judgment against a party as a penalty for a delay in responding to a complaint. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Fed. R. Civ. P. 60(b)(1)

2

provides that relief from a final judgment, such as the default judgment entered in this action, can be obtained where the defendant can demonstrate "mistake, inadvertence, surprise, or excusable neglect." The factors used by the courts in determining a motion to vacate a default judgment are whether (1) the default was willful, (2) the defendant has presented a meritorious defense, and (3) setting aside the judgment would prejudice the plaintiff. *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995) *see also International Painters Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 25-26 (D.D.C.) (Huvelle, J.) (recognizing that it may be appropriate to use the less stringent standards under Rule 55(c) when there has not been a "significant delay" between the entry of default and the entry of a default judgment). The decision as to whether to set aside a default judgment is committed to the sound discretion of the trial court. *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373 (D.C .Cir. 1980). Since the circumstances here meet each of these factors and, moreover, would serve the interests of justice by not imposing judgment on a blameless party, the default judgment should be overturned and Troast should be allowed to defend itself against these claims.

First, there is no evidence of willfulness on the part of Troast or its counsel with respect to the failure to file an Answer to the Complaint in this action. As this court noted in *Ellis*, *supra*, the definition of willfulness falls somewhere "between a case involving a negligent filing error, which is normally considered an excusable failure to respond, and a deliberate decision to default, which is generally not excusable." 288 F. Supp. 2d at 26. No such willfulness can be shown in this case. As explained above, the fact that the Answer was not timely filed was not the result any deliberate choice on behalf of the Defendant in this action or its attorney, but merely because Troat's original lawyer mistakenly believed that he was admitted to practice in this court because he was a member of the Bar of the District of Columbia. Moreover, when

Troast discovered that an entry of default had been issued by the Clerk's Office, it quickly tried to arrange for counsel to respond, to no avail through no fault of its own.

Default judgments have been reversed in exactly the same circumstances as present in this case. In *United States v. Moradi*, 673 F.2d 725 (4th Cir. 1982), for example, the defendant's answer was rejected for noncompliance with local rules, including the fact (as here) that the attorney of record was not admitted to practice in the particular federal district court at issue in that case. *Id.* at 727. The defendant did not file a new answer and a default judgment was granted after the defendant's attorney failed to appear at a pre-trial conference. *Id.* The Fourth Circuit nonetheless set aside the default judgment under Rule 60(b), commenting that because there was no fault on the part of the defendant himself, "justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney." *Id.* at 728; *see also Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811-12 (reversing the granting of a default judgment where the defendant was "largely blameless" for the default, which was "due primarily to its attorney's carelessness in handling the amended complaint."); *Capital Yacht Club v. Vessel Aviva*, 228 F.R.D. 389, 393 (D.D.C. 2005) (applying the "good cause shown" standard under rule 55(c) and accepting counsel's excuse for failing to file a timely answer on the "press of business and travel."). Since Troast is blameless for the fact that its previous counsel did not file a timely Answer or rectify the situation after the entry of default was issued by the Clerk, this Court should likewise find that there was no willfulness on its part.

Second, the Fund cannot show that it was prejudiced in any way by the lack of a timely Answer in this case. It is well settled that a mere delay "in and of itself does not constitute prejudice[.]" *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003). As the D.C. Circuit has explained, the fact that setting aside a default judgment and allowing a case

to proceed to discovery and trial could delay the satisfaction of plaintiffs' claim was "insufficient to require affirmance of the denial" of a motion to vacate. *Keegel*, 627 at 374. Instead, in identifying this kind of prejudice, the courts are not concerned with the mere passage of time, but with whether there is a danger of the loss of evidence, increased difficulties of discovery, or an enhanced opportunity for fraud or collusion on the part of the defaulting party. *Id.*; *see also Capital Yacht Club*, 228 F.R.D. at 395 (rejecting plaintiff's contention that reversing an entry of default would mean that it would have to incur attorneys fees and lose time by having to try the case because "delay and legal costs are part and parcel of litigation and typically do not constitute prejudice for the purposes of Rule 55(c).")

There is no danger of the loss of evidence or any increased difficulty in conducting discovery in this action if the default judgment is set aside and the case is allowed to proceed. The Complaint was served on Troast fewer than four months ago. Troast is ready to participate and cooperate in the discovery process whenever it is initiated by the Court. In fact, in an effort to put the issue of delay aside for good, Troast is willing to agree to an expedited discovery schedule and place the matter on the fastest possible track for trial. Under these circumstances, the Fund has not and will not incur any prejudice if the default judgment in this action is vacated.

Third, Troast has meritorious defenses to this action. A party seeking to set aside a default judgment is not required actually to prove its defense, but need "only to assert a defense that it may prove at trial." *Whelan*, 48 F.3d at 1259. In other words, as the D.C. Circuit has commented, the "likelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." 627 F.2d at 374. Thus, in *Keegle*, the defenses raised in the proposed answer were found to be meritorious, even though the defendant merely denied in his proposed

5

answer, in a "somewhat broad and conclusory" manner, that there had been any misrepresentations, fraudulent acts or violations of law. *Id.*

Troast has raised the same kinds of defenses in the Verified Complaint attached hereto at Tab 3, as required by Local Civil Rule 7(g). The Verified Answer contains fifteen separate affirmative defenses, any one of which would be dispositive of this matter. These defenses include the failure to state a claim upon which relief can be granted, that the claims were not timely filed, and that the Fund lacks standing to bring these claims. Under the cases cited above, all of the defenses raised in the Answer are "meritorious" even as broadly stated as they are in the Answer and thus also weigh in favor of setting aside the default judgment entered against Troast in this action. Troast also has strong defenses on the merits. As explained in the attached certification of Douglas K. Troast, the Chief Executive Officer of the Defendant, the company has paid all of the contributions to the Fund that it was required to under the collective bargaining agreement at issue and, furthermore, none of the employees at issue were either members of the union at issue or even eligible to become members. Troast Certif. at ¶ 4.

Thus, Troast has met all three factors required for vacating the Default Judgment entered against it in this action. There was no willfulness on its part or on the part of its counsel with respect to the failure to file the Answer on a timely basis, the Fund will incur no prejudice as a result of setting aside the default, and Troast has shown that it has meritorious defenses. Moreover, as a blameless party who, unfortunately, was not well-served by its prior counsel, it *would* well-serve the interests of justice to allow it to defend itself in this matter instead of imposing the harsh penalty of default.

## III. CONCLUSION

For the reasons stated above, Troast's Motion to Vacate Default Judgment should be granted.

                            Respectfully submitted,

                            /s/ Jeffrey L. Karlin
                            Eric L. Yaffe (DC Bar No. 439750)
                              Eric.Yaffe@gpmlaw.com
                            Jeffrey L. Karlin (DC Bar No. 458465)
                              Jeffrey.Karlin@gpmlaw.com
                            GRAY, PLANT, MOOTY, MOOTY
                            & BENNETT, P.A.
                            2600 Virginia Avenue, N.W.
                            Suite 1111
                            Washington, D.C.  20037
                            Telephone:  (612) 632-3000
                            Facsimile:  (612) 632-4444

Date:  December 9, 2005             Attorneys for Defendant The Troast Group, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2005, a copy of the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT** and proposed order granting said motion was sent by facsimile and first-class mail, postage prepaid, to the following:

>Sanford G. Rosenthal, Esq.
>  srosenthal@jslex.com
>JENNINGS SIGMOND
>510 Walnut Street
>Philadelphia, PA 19108
>Telephone:   (215) 351-0611
>Facsimile:   (215) 922-3524
>Attorneys for Plaintiff International Painters and Allied
>   Trades Industry Pension Fund

/s/ Jeffrey L. Karlin