TAB 1

WOLLMUTH MAHER & DEUTSCH LLP
Attorneys for The Troast Group, Inc.
One Gateway Center, Ninth Floor
Newark, New Jersey 07102
(973) 733-9200
Paul R. DeFilippo (Bar No. 460368)
James N. Lawlor

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>THE TROAST GROUP, INC.,<br><br>Defendant. | Case No. 1:05 CV 01662 (ESH)<br><br>Civil Action<br><br>**ANSWER OF DEFENDANT**<br>**THE TROAST GROUP, INC.** |

The Troast Group, Inc. (the "Defendant" or "Troast"), in response to the Complaint (the "Complaint") filed by International Painters and Allied Trades Industry Pension Fund (the "Plaintiff" or "International Painters"), for itself, and no other parties admits, denies and alleges:

**JURISDICTION**

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and, upon that basis, denies such allegations.

2. Defendant without knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 of the Complaint, and, upon that basis, denies such allegations.

## VENUE

3. Defendant without knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of the Complaint, and, upon that basis, denies such allegations.

## PARTIES

4. Defendant admits that Plaintiff asserts it is a trust fund, but is without knowledge or information sufficient to form a belief as to the truth of the remainder of such allegations therein, and, upon that basis, denies such allegations.

5. Defendant admits the allegations of paragraph 5 of the Complaint.

## COMMON FACTS

6. Defendant has undertaken a diligent search of its records and has been unable to find any executed agreement between the Defendant and the International Union of Painters and Allied Trades, AFL-CIO, CLC or any of its locals or districts and is therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and, upon that basis, denies such allegations.

7. Defendant has undertaken a diligent search of its records and has been unable to find any executed agreement between the Defendant and the Plaintiff and is therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint, and, upon that basis, denies such allegations.

8. Defendant has undertaken a diligent search of its records and has been unable to find executed agreement referenced in paragraph 8 of the Complaint and is therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Complaint, and, upon that basis, denies such allegations.

9. Defendant has undertaken a diligent search of its records and has been unable to find executed agreement referenced in paragraph 9 of the Complaint and is therefore is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint, and, upon that basis, denies such allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint, and, upon that basis, denies such allegations.

## COUNT I

11. Defendant repeats and realleges paragraphs 1 through 10 of the Answer and incorporates same as if fully set forth herein.

12. Defendant denies the allegations in paragraph 12 of the Complaint.

13. Defendant admits that there was a request for payment before the Complaint was filed but denies the remainder of the allegations of paragraph 13 of the Complaint.

## COUNT II

14. Defendant repeats and realleges paragraphs 1 through 13 of the Answer and incorporates same as if fully set forth herein.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant admits that there was a request for payment before the Complaint was filed but denies the remainder of the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations in paragraph 17 of the Complaint.

## COUNT III

18. Defendant repeats and realleges paragraphs 1 through 17 of the Answer and incorporates same as if fully set forth herein.

19. Defendant admits that it has made contributions based upon hours worked and paid to employees performing work but denies the remainder of the allegations of paragraph 19 of the Complaint.

20. Defendant admits that it has in its possession its own books and records. Defendant has permitted the Plaintiff access to same and, therefore, denies the remainder of the allegations of paragraph 20 of the Complaint.

21. Defendant admits the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

## COUNT IV

27. Defendant repeats and realleges paragraphs 1 through 26 of the Answer and incorporates same as if fully set forth herein

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and, upon that basis, denies such allegations.

## COUNT V

30. Defendant repeats and realleges paragraphs 1 through 29 of the Answer and incorporates same as if fully set forth herein

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 31 of the Complaint.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and, upon that basis, denies such allegations.

## COUNT VI

34. Defendant repeats and realleges paragraphs 1 through 33 of the Answer and incorporates same as if fully set forth herein

35. The allegations in paragraph 35 of the Complaint constitute legal conclusions for which no answer is required. To the extent such allegations are factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, and, upon that basis, denies such allegations.

36. The allegations in paragraph 36 of the Complaint constitute legal conclusions for which no answer is required. To the extent such allegations are factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, and, upon that basis, denies such allegations.

37. The allegations in paragraph 37 of the Complaint constitute legal conclusions for which no answer is required. To the extent such allegations are factual, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint, and, upon that basis, denies such allegations.

## FIRST AFFIRMATIVE DEFENSE

38. Subject to the responses above, Defendant alleges that the Complaint, and each of the purported causes of action therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

39. Subject to the responses above, Defendant alleges on information and belief that the claims are time-barred and/or have lapsed.

## THIRD AFFIRMATIVE DEFENSE

40. Subject to the responses above, Defendant alleges on information and belief that Plaintiff lacks standing to assert some or all of the causes of action.

## FOURTH AFFIRMATIVE DEFENSE

41. Subject to the responses above, Defendant alleges on information and belief that all causes of action are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

42. Subject to the responses above, Defendant alleges on information and belief that all causes of action are barred by the doctrines of in pari delicto and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

43. Subject to the responses above, Defendant alleges on information and belief that all causes of action are barred by res judicata.

## SEVENTH AFFIRMATIVE DEFENSE

44. Subject to the responses above, Defendant alleges on information and belief that all causes of action are barred by collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

45. Subject to the responses above, Defendant alleges on information and belief that all causes of action are barred by judicial estoppel.

### NINTH AFFIRMATIVE DEFENSE

46. Subject to the responses above, Defendant alleges on information and belief that all causes of action are barred by equitable estoppel.

### TENTH AFFIRMATIVE DEFENSE

47. Subject to the responses above, Defendant alleges on information and belief that the causes of action are barred by the one-satisfaction rule.

### ELEVENTH AFFIRMATIVE DEFENSE

48. Subject to the responses above, Defendant alleges on information and belief that all causes of action are barred as the claims against Defendant have already been released or otherwise waived.

### TWELTH AFFIRMATIVE DEFENSE

49. Subject to the responses above, Defendant alleges on information and belief that all causes of action are subject to set off and/or recoupment.

### THIRTEENTH AFFIRMATIVE DEFENSE

50. Subject to the responses above, Defendant alleges that Plaintiff is barred from brining this action because it has breached the implied covenant of good faith and fair dealing.

### FOURTEENTH AFFIRMATIVE DEFENSE

51. Subject to the responses above, Defendant alleges that Plaintiff has no contractual right to payment from Defendant under the agreement.

### FIFTEENTH AFFIRMATIVE DEFENSE

52. Subject to the responses above, Defendant alleges that the action is barred by mandatory arbitration and/or mediation provisions.

**WHEREFORE,** Defendant respectfully prays that the Plaintiff recover nothing on its Complaint, that judgment be entered in favor of Defendant, and that Defendant be awarded its costs of suit herein.

Dated: October 17, 2005
       Newark, New Jersey

                                    WOLLMUTH MAHER & DEUTSCH LLP
                                    Attorneys for The Troast Group, Inc.

                                    By: _____
                                         Paul R. DeFilippo (Bar No. 460368)
                                           James N. Lawlor

CO-386-online
10/03

# United States District Court
# For the District of Columbia

International Painters and Allied )
Trades Industry Pension Fund, )
  )
  )
            Plaintiff )    Civil Action No. 1:05-CV-1662 (ESH)
        vs )
  )
The Troast Group, Inc. )
  )
  )
            Defendant )

### CERTIFICATE RULE LCvR 7.1

I, the undersigned, counsel of record for __The Troast Group, Inc.__ certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of __The Troast Group, Inc.__ which have any outstanding securities in the hands of the public:

Not applicable.

These representations are made in order that judges of this court may determine the need for recusal.

Attorney of Record

Signature

460368
BAR IDENTIFICATION NO.

Paul R. DeFilippo
Print Name

Wollmuth Maher & Deutsch LLP One Gateway Center
Address

Newark, NJ 07102
City            State            Zip Code

973-733-9200
Phone Number

WOLLMUTH MAHER & DEUTSCH LLP
Attorneys for The Troast Group, Inc.
One Gateway Center, Ninth Floor
Newark, New Jersey 07102
(973) 733-9200
Paul R. DeFilippo (Bar No. 460368)
James N. Lawlor

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>THE TROAST GROUP, INC.,<br><br>Defendant. | Case No. 1:05 CV 01662 (ESH)<br><br>Civil Action |

### CERTIFICATION OF SERVICE

I, Thomas J. Walsh, of full age, hereby certify as follows:

1.  I am a paralegal at the law firm of Wollmuth Maher & Deutsch LLP, One Gateway Center, Ninth Floor, Newark, New Jersey, attorneys for The Troast Group Inc., Defendant.

2.  On October 17, 2005, I caused a copy of the Answer of Defendant The Troast Group, Inc. to be delivered via overnight mail upon Shanna M. Cramer, Jennings Sigmond, P.C., The Penn Mutual Towers, 16th Floor, 510 Walnut Street, Independence Square, Philadelphia, PA 19106-3683, attorneys for plaintiff.

I certify that the foregoing statements are true to the best of my knowledge. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

By: _____
Thomas J. Walsh

Dated: October 17, 2005
Newark, New Jersey



CO-386-online
10/03

# United States District Court
# For the District of Columbia

International Painters and Allied  )
Trades Industry Pension Fund,      )
                                   )
              Plaintiff            )    Civil Action No. __1:05-CV-1662 (ESH)__
        vs                         )
                                   )
The Troast Group, Inc.             )
                                   )
                                   )
              Defendant            )

### CERTIFICATE RULE LCvR 7.1

I, the undersigned, counsel of record for __The Troast Group, Inc.__ certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of __The Troast Group, Inc.__ which have any outstanding securities in the hands of the public:

Not applicable.

These representations are made in order that judges of this court may determine the need for recusal.

                                        Attorney of Record
                                        _____
                                        Signature

__460368__                              Paul R. DeFilippo
BAR IDENTIFICATION NO.                  Print Name

                                        Wollmuth Maher & Deutsch LLP One Gateway Center
                                        Address

                                        Newark, NJ 07102
                                        City          State          Zip Code

                                        973-733-9200
                                        Phone Number