# TAB 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>vs.<br><br>THE TROAST GROUP, INC.<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:05Ccv01662-ESH |

**CERTIFICATION OF DOUGLAS K. TROAST**

1. My name is Douglas K. Troast. I am a citizen and resident of the State of New Jersey, and I make this Certification based on personal knowledge.

2. I am Chief Executive Officer of The Troast Group, Inc. ("Troast") and have been employed by the business on a full-time basis since 1992. I make this Certification in support of Troast's Memorandum of Law in Support of Its Motion to Vacate Default Judgment.

3. As the Chief Executive Officer, I am familiar with the business of Troast generally and am familiar with the allegations set forth in the Complaint filed in *International Painters and Allied Trades Industry Pension Fund v. The Troast Group, Inc.*, Civil Action No. 1:05-cv-01662-ESH (D.D.C.). I am also familiar with and participated in the selection of counsel representing Troast in this action and the company's communications and interactions with counsel in regard to this action.

4. Troast vigorously denies the allegations which form the basis for the Complaint filed in this action. In general, the collective bargaining agreement entered into by Troast only obligated it to make contributions to the International Painters and Allied Trades Industry

Pension Fund for members of the International Union of Painters and Allied Trades ("the Union"). Troast made all payments it was obligated to make under the collective bargaining agreement and the International Painters and Allied Trades Industry Pension Plan ("the Plan"). To the extent that payments were not paid with respect to few individuals working for Troast at issue in this action, these individuals were neither members of the Union, nor eligible to become members of the Union at the time payments to the Plan came due.

5. When the Complaint in this action was served on Troast, it engaged the law firm of Wollmuth Maher & Deutsch of Newark, New Jersey. An Answer was submitted to the United States Court for the District of the District of Columbia on October 17, 2005, but the Answer was rejected because although the attorney of record listed therein was a member of the District of Columbia Bar, he was not a member of the Bar of the United States District Court.

6. Thereafter, on October 24, 2005, counsel for Plaintiffs in this Action filed an Affidavit for Default. Within a few days after our counsel at Wollmuth Maher & Deutsch learned of the Affidavit of Default, Troast took action to engage the law firm of McManus, Schor, Asmar & Darden, LLP., located in Washington D.C., to represent it in this action.

7. Troast understood that its counsel at Wollmuth Maher & Deutsch had forwarded materials related to the action to McManus, Schor, Asmar & Darden, LLP. Troast expected that its new counsel would respond to the Affidavit of Default and file an Answer in this action. At the very least, it expected to be kept informed of the status of the case and whether and Court-imposed deadlines were being met.

8. Troast learned that a Default Judgment was entered against it in this action only a few days ago. The Default Judgment came as a complete surprise and the failure to file an Answer in this action was contrary to its intentions and instructions to counsel. Within a few

days, Troast engaged other lawyers with the Washington, D.C. office of Gray Plant Mooty to represent it in this action.

I certify under penalty of perjury that the foregoing is true and correct. Executed on this 8th day of December, 2005.

Douglas K. Troast