IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND | ) )  ) |
| Plaintiff, | ) CIVIL ACTION NO. 05-1662 (ESH) |
| v. | ) ) |
| THE TROAST GROUP, INC. | ) ) |
| Defendant. | ) |

## DECLARATION OF SHANNA M. CRAMER, ESQUIRE

SHANNA M. CRAMER, Esquire, declares:

1. I am an attorney with the law firm of Jennings Sigmond and principally responsible for the prosecution of this lawsuit.

2. On September 12, 2005, James Lawler, Esquire from the firm of Wollmuth Maher & Deutsch LLP contacted me discuss the details of this case and potential settlement

3. On September 29, 2005, the parties stipulated to extend time to answer to October 10, 2005.

4. On October 11, 2005, Mr. Lawler requested an informal extension for one week and I agreed.

5. On October 18, 2005, opposing counsel filed the Answer on behalf of Defendant.

6. On October 21, 2005, the Court deleted Defendant's Answer because Paul R. DeFilippo, Esquire, the attorney who filed the Answer, was not a member in good standing with the United States District Court for the District of Columbia.

7. Upon receipt of the email notification that the Answer was deleted, I immediately called James Lawler, Esquire and left a message regarding the invalid Answer. I also followed

162386-1

EXHIBIT

up with an email.

8. Mr. Lawler failed to return my phone call, and on October 24, 2005, the Request for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a) was filed.

9. The Clerk entered default on October 25, 2005 and on November 10, 2005, the Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b) was filed.

10. On November 21, 2005, the Court granted Default Judgment. On November 28, 2005, I faxed and sent by regular mail a copy of the Default Judgment and requested immediate payment. A true and correct copy of the November 28, 2005 letter is attached as Exhibit 8.

11. Jeffrey Karlin, Esquire, Defendant's new counsel, contacted me on December 7, 2005 to advise me of his client's intention to file its Motions to Re-Open and Vacate Default Judgment, which were subsequently filed on December 9, 2005.

12. On December 13, 2005, I advised Mr. Karlin, via email, that his client could submit documentation regarding the proper classification for any employee or sub-contractor which Defendant claimed to be improperly included in the audit.

13. Defendant has failed to submit documentation to support its claim that the Pension Fund improperly classified Company's employees and/or sub-contractors.

14. I have executed this Declaration in support of the Pension Fund's Memorandum of Law in Response to Defendant's Motion to Vacate Default Judgment, and request this Court to consider the same as proof in support thereof.

I declare under penalty of perjury in accordance with 28 U.S.C. §1746 that the foregoing is true and correct to the best of my knowledge, information and belief

Date: December 22, 2005

s/Shanna M. Cramer
SHANNA M. CRAMER, ESQUIRE

162386-1

2