UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND,  :  :  Plaintiff,  :  :  v.  :  :  THE TROAST GROUP, INC.,  :  :  Defendant.  :  : | Civil Action No. 05-1662 (ESH) |

**MEMORANDUM OPINION AND ORDER**

Defendant The Troast Group, Inc. ("Troast") has filed Motions to Reopen Case and to Vacate the Default Judgment which was entered on November 21, 2005, on behalf of plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund"). Plaintiff had filed this action to collect delinquent pension contributions and damages under the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments of 1980, 29 U.S.C. § 1145 ("ERISA"). As explained more fully herein, defendant's motions will be granted since Troast's failure to file an answer was not willful, it has asserted a meritorious defense, and there is an insufficient showing of prejudice to plaintiff in the event that the default judgment is vacated.

There is no real dispute between the parties regarding the governing legal standards. As they both recognize, default judgments are generally disfavored because of the preference that claims be adjudicated on their merits. *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980). Pursuant to Fed. R. Civ. P. 60(b)(1), relief from a final judgment can be obtained where defendant can demonstrate "mistake, inadvertence, surprise, or excusable neglect." In making

this determination, courts consider (1) whether the default was willful, (2) has the defendant presented a meritorious defense, and (3) whether the plaintiff will be prejudiced by the setting aside of the judgment. *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995); *see also Int'l Painters Fund v. H.W. Ellis Painting Co.*, 288 F. Supp. 2d 22, 25-26 (D.D.C. 2003). Applying these factors to the instant case, the Court must conclude that defendant has sustained its burden.

First, with respect to the issue of willfulness, the undisputed facts indicate a situation involving neglect by counsel, not bad faith or willfulness by the defendant. *See Ellis*, 288 F. Supp. 2d at 26. Unlike the typical situation, defendant's counsel filed a timely answer, but it was signed by an attorney who, although a member of the D.C. Bar, was not a member of this Court's Bar. As a result, the Clerk of Court rejected the Answer, deleted it from the docket on October 20, 2005, and entered a default on October 25, 2005.

Within days of entry of the default, defendant contacted a new firm in Washington, D.C. in order to have that firm seek to vacate the default. Defendant's original counsel forwarded the papers to the D.C. firm, but apparently, unbeknownst to Troast, that firm failed to take any action. When no answer or response had been filed in response to the Fund's Motion for Default Judgment, this Court entered a default judgment on November 21, 2005. Troast learned of this a short time later and engaged yet another firm, which filed the instant motions on December 9, 2005.

Given these facts, the Court cannot fault the defendant, since the problem lies with its attorneys. *Cf. Jackson*, 636 F.2d at 837 (vacating a default judgment because "the negligence of a lawyer is not imputed to his clients"); *Barber v. Tuberville*, 218 F.2d 34, 36 (D.C. Cir. 1954) (vacating a default judgment upon finding negligence by the lawyer); *United States v. Moradi*,

673 F.2d 725, 728 (4th Cir. 1982) (finding that although an answer was rejected because attorney was not admitted to practice in the federal court, judgment should be vacated because "justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney"). Therefore, since it appears that defendant acted diligently but that its counsel either filed defective papers or failed to file the necessary papers, defendant's conduct cannot be characterized as willful.

With respect to the second factor, the law in this Circuit requires only a minimal showing. A defendant need not prove its case. In fact, the "[l]ikelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)).

While the Court cannot agree with defendant's position that its boilerplate defenses (such as laches, collateral estoppel, waiver, etc.) and general denials are sufficient to raise a defense for purposes of Rule 60(b), Troast has, at least, raised an issue as to whether some of the individuals at issue were doing work covered by the collective bargaining agreement. In particular, Troast contends that the Fund had no contractual right to payment under the agreement for individuals who performed functions outside the scope of the agreement, including an individual who did maintenance work in the main office. (Def.'s Mot. to Vacate, Troast Cert. ¶ 4; Pl.'s Resp., Ex. 4.) Although this defense will not absolve defendant of all liability, it has the "potential of a meritorious defense" as to, at least, some of plaintiff's monetary claims. *Owens v. Republic of Sudan*, 374 F. Supp. 2d 1, 10 n.5 (D.D.C. 2005).

Finally, the Fund asserts that it will suffer prejudice if the judgment is not set aside because "[u]ltimate collectibility of contributions from a delinquent employer is always a problem." (Pl.'s Resp. at 20.) However, such a generalized contention is not enough, for mere delay "in and of itself does not constitute prejudice." *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 15 (1st Cir. 2003), and delay in the satisfaction of plaintiff's claim is "insufficient to require affirmance of the denial" of a motion to vacate. *Keegel*, 627 F.2d at 374.

Moreover, this case is distinguishable from this Court's decision in *Ellis*, where the Court found that Ellis had willfully failed to respond and presented no meritorious defense. 288 F. Supp. 2d at 31. Having failed with respect to both of these factors, Ellis could not rely on the contention that delay does not generally constitute prejudice. *Id*. But here, Troast, unlike the defendant in *Ellis*, was not unresponsive, since it attempted to file a timely answer and it has also asserted a meritorious defense as to at least some of the claims.

For these reasons, defendant's motions to vacate and to reopen the case are **GRANTED** and an initial scheduling conference is set down for February 22, 2005, at 3:15 p.m.

                      _____s/_____
                      ELLEN SEGAL HUVELLE
                      United States District Judge

Date: February 1, 2006