IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. 05-1662 (ESH) |
| v. ) ) | |
| THE TROAST GROUP, INC. ) ) | |
| Defendant. ) | |

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund," "Fund" or "Plaintiff"), by its legal counsel, respectfully moves this Court, pursuant to Fed. R. Civ. Pro. 56(a) to enter summary judgment in favor of the Fund and against Defendant, The Troast Group, Inc. ("Company" or "Defendants"), for unpaid contributions, liquidated damages, interest, late fees, audit costs and attorneys' fees and costs incurred by the Fund pursuant to 29 U.S.C. §§1132(g)(2)(A)-(E) and the documents and instruments governing the Fund.

In support of this Motion, the Fund relies upon the allegations in its Complaint, the Declaration of Thomas Montemore, the Declaration of Robert E. Moore, C.P.A. and the Declaration of Kent Cprek, Esquire.[1]

The grounds for this Motion are as follows:

1.  Defendant was party to certain collective bargaining agreements ("Labor Agreement") for the period May 1, 2000 through April 30, 2006. *See*, Montemore Decl., ¶3;

---

[1] The Declaration of Thomas Montemore ("Montemore Decl.") is attached to this Motion as Exhibit 1. The documents referred to in the Montemore Decl. are attached as Exhibits 2-6. The Declaration of Robert E. Moore, C.P.A. ("Moore Decl.") is attached to this Motion as Exhibit 7. The document referred to in the Moore Decl. is attached to this Motion as Exhibit 8. The Declaration of Kent Cprek ("Cprek Decl.") is attached to this Motion as Exhibit 9. The document referred to in the Cprek Decl. is attached to this Motion as Exhibit 10.

173386-1

Labor Agreement, Exhibit 2; Answer to Complaint, ¶6.

2. The Labor Agreement requires that Company submit monthly contributions to the Pension Fund on behalf of all employees in the bargaining unit performing covered work. *See,* Montemore Decl., ¶4; Exhibit 2, Article 10.

3. On June 2, 2005, the Pension Fund conducted an audit on Defendant's books and records for the period January 1, 2001 through March 31, 2005. *See,* Montemore Decl., ¶5; Moore Decl., Exhibit 7. A copy of this audit report is attached as Exhibit 8. The audit revealed a discrepancy between remittance reports submitted by the Company and payroll records maintained by the Company in the amount of $32,007.99. *See,* Exhibit 7; Exhibit 8.

4. On July 21, 2005, Gary Meyers notified Company that the audit resulted in a deficiency and costs in the amount of $54,608.63. At that time, Mr. Meyers gave Company the option to rebut the audit, which required payment in the amount of $27,304.31 (or 50% of the audit deficiencies and costs) as well as documentation to support the rebuttal. *See,* Montemore Decl., ¶7; Exhibit 5.

5. On August 9, 2005, Company contested the audit report, but failed to submit payment or documentation to support its rebuttal. *See,* Montemore Decl., ¶8; Exhibit 6.

6. On August 19, 2005, the instant Complaint was filed. *See,* Docket Entry 1.

7. On October 25, 2005, the Clerk entered default against Company as a result of its failure to timely and properly answer the Complaint. *See,* Docket Entry 6.

8. On November 10, 2005, Plaintiff filed its Motion for Entry of Judgment by Default. *See,* Docket Entry 9.

9. On November 21, 2005, Judge Ellen S. Huvelle entered Judgment against Defendant and in favor of Plaintiff. *See,* Docket Entry 10.

10. On December 9, 2005, Defendant filed a Motion to Reopen Case and a Motion to Vacate Default Judgment, which included Defendant's Verified Answer. *See,* Docket Entries 14, 15.

11. On December 22, 2005, Plaintiff filed its Response in Opposition to Defendant's Motion to Reopen Case and Motion to Vacate Default Judgment. *See,* Docket Entry 16.

12. On February 1, 2006, Judge Ellen S. Huvelle granted Defendant's Motion to Reopen Case and Motion to Vacate Default Judgment. *See,* Docket Entry 18.

13. Based on: (a) the audit report as heretofore described in ¶3; (b) shortages which were discovered after the completion of the audit; and (c) estimates calculated for the period January 2006 through September 2006 because Company failed to submit reports, Company owes the Pension Fund contributions in the amount of $43,449.84 and liquidated damages in the amount of $8,689.96. *See,* Montemore Decl., ¶¶10, 12.

14. Plaintiff has incurred attorneys' fees and costs of $31,949.57 through October 30, 2006, in the prosecution and collection of this delinquency. *See,* Cprek Decl., ¶3; Exhibit 10.

15. Interest of $5,912.89 has accrued through October 31, 2006, on contributions owed to the Pension Fund as calculated pursuant to 29 U.S.C. §1132(g)(2)(B) and (C)(i) and 26 U.S.C. §6621. *See,* Montemore Decl., ¶11.

16. Late fees in the amount of $213.12 have been assessed against the Company for the period March 2004 through November 2004. *See,* Montemore Decl., ¶13.

17. The Fund has also incurred audit costs in the amount of $1,674.43. *See,* Montemore Decl., ¶14.

18. There is no genuine issue as to any material fact and the Pension Fund is entitled to judgment as a matter of law.

WHEREFORE, the Plaintiff respectfully asks that the Court enter judgment in favor of the Fund and against the Company in the amount of $91,889.81.

                                    Respectfully submitted,

                                    JENNINGS SIGMOND, P.C

                          BY: s/ Kent Cprek
                                  KENT CPREK
                                  Bar No. 478231
                                  SANFORD G. ROSENTHAL
                                  Bar No. 478737
                                  The Penn Mutual Towers, 16th Floor
                                  510 Walnut Street, Independence Square
                                  Philadelphia, PA 19106-3683
                                  (215) 351-0615/0674

Dated: October 30, 2006          Attorneys for the Fund

OF COUNSEL:

Shanna M. Cramer
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0674