IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND )<br><br>Plaintiff, )<br><br>vs. )<br><br>THE TROAST GROUP, INC. )<br><br>Defendant. ) | )<br>)<br>)<br>)<br>)<br>) Civil Action No.  1:05cv01662-JMF<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM OF LAW IN SUPPORT OF
COUNSEL FOR DEFENDANT'S MOTION FOR WITHDRAWAL
OF APPEARANCE UNDER LOCAL RULE 83.6(c)

Gray, Plant, Mooty, Mooty & Bennett, P.A. ("Gray Plant Mooty"), attorneys for Defendant The Troast Group, Inc. ("Troast") in the above-captioned action reluctantly—and only after a great deal of effort on its part to avoid moving for this relief—seeks to withdraw its appearance in this action pursuant to Local Rule 83.6(c) because it has not received payment for its services in months.  This motion should be granted because, as discussed below, counsel's withdrawal will not unduly delay trial of the case, neither Troast nor the plaintiff will be unduly prejudiced as a result, and the withdrawal would be in the interests of justice since Gray Plant Mooty is facing the prospect of losing tens of thousands of dollars in additional fees if required to remain in the case.

I.  BACKGROUND

As the Court is aware, this case was brought by Plaintiff International Painters and Allied Trades Industry Pension Fund ("the Fund") against The Troast Group, Inc. ("Troast"), seeking damages and injunctive relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments of 1980, 29 U.S.C. §

1145. The Fund alleges that Troast Company failed to (i) make monthly fringe benefit contribution payments to the Fund for all employees conducting collective bargaining unit work; (ii) file remittance reports with the Fund on a monthly basis; and (iii) submit to a contribution compliance audit. The amount at issue in this action, is $92,000, which consists of allegedly delinquent payments to the Fund, a further post-audit delinquency, interest, liquidated damages, late fees, audit costs and attorneys' fees and costs relating to the action.

The Fund filed this action on August 19, 2005. In the initial stage of this case, Troast was represented by the law firm of Wollmuth Maher & Deutsch of Philadelphia, Pennsylvania. The Wollmuth firm prepared an Answer to the Complaint, but when it attempted to file the pleading, it was rejected by the Clerk's Office because neither of the counsel on the papers were members of the Bar of this Court (even though one was a member of the Bar of the District of Columbia). On November 21, 2005, this Court issued an Order granting the Fund's Motion for a Default Judgment (Docket No. 10), which was based on Troast's failure to file a timely Answer to the Complaint and their subsequent failure to file a response to either the Affidavit for Default filed by the Fund on October 24, 2005 (Docket No. 5) or the Motion for Default Judgment submitted by the Fund on November 10, 2005. Subsequently, on December 9, 2005, Gray Plant Mooty entered an appearance on behalf of Troast in this action (Docket No. 12).[1] It then successfully moved the Court to vacate the Order for Default Judgment (Docket No. 18) and the case was re-opened on February 1, 2006.

---

[1] Because the Wollmuth firm failed to file a timely Answer in this action and thus technically never appeared on behalf of Troast, they did not need to file a motion to withdrawal of counsel prior to Gray Plant Mooty's appearance.

Following the reinstatement of the case, the parties engaged in extensive settlement discussions, with the active encouragement and participation of the Court. The parties, for example, met for a mediation conference on May 2, 2006 with Magistrate Judge Alan Kay. Upon information and belief, at the time the mediation conference was held in May and thereafter, Troast was still represented by the Wollmuth for some matters related to this action and for other legal matters.

After the parties failed to reach a settlement agreement, they engaged in discovery. This is a fairly straightforward case which centers, for the most part, on whether Troast made the contributions called for under the contracts at issue here. Consistent with the limited scope of this action, the Court set a short fact discovery deadline, which was completed on October 16, 2006. The discovery here consisted entirely of the parties' exchange of the relevant documents. No depositions were taken by either side. Currently pending before the Court is the Fund's motion for summary judgment, filed on October 30, 2006, which focuses exclusively on the issue of whether Troast made the payments at issue here. Troast's deadline for responding to the Fund's motion is November 13, 2006 and the trial date has been set for February 26, 2007.

Despite the fact that Gray Plant Mooty has engaged in fairly extensive work for Troast in this action, it has received little payment, aside from the retainer it received at the onset of the case—an amount which falls far short of the amount owed to it for the services it has rendered. Gray Plant Mooty asked Troast for payment on numerous occasions in the last few months. On at least three occasions during this period, Gray Plant Mooty informed Troast that unless it received payment of the entire amount due to it, the firm would have no choice but to file a motion to withdraw its appearance from the case. Nonetheless, no payment was received. A few weeks ago, Gray Plant Mooty made one final attempt at payment by faxing a letter to Troast

asking for payment and informing the company that failure to pay the amount due would mean that the firm would file a motion to withdraw its appearance. Troast did not make any payment and, in fact, made no response to the letter at all.

Gray Plant Mooty has been in contact with the Fund's counsel and informed them that the firm intended to file this motion. The Fund's attorneys indicated that they would be flexible in terms of dealing with the withdrawal of Gray Plant Mooty as counsel for Troast, which would allow new counsel to take Gray Plant Mooty's place without undue disruption to the Fund's ability to prosecute this action.

## II. LAW AND ARGUMENT

The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court. *Byrd v. District of Columbia*, 271 F. Supp.2d 174, 176 (D.D.C. 2003), (citing *Whiting v. Lacara,* 187 F.3d 317, 320 (2nd Cir.1999). Local Civil Rule 83.6(d) provides that "[t]he court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." In determining a motion to withdraw, the Court may consider factors such as the length of time the case and dispositive motions have been pending, the time it would take for the unrepresented party to search for and secure new legal representation, and the degree of financial burden that counsel would suffer if the court required him to remain in the case. *Byrd*, 271 F. Supp. 2d at 176. However, the courts have allowed attorneys to withdraw their appearance in actions where they have suffered financial harm by a party's non-payment of fees

4

and are likely to face continued financial exposure if they remain in the case. *See Lieberman v. Polytop Corp.*, 2 Fed. Appx. 37, 39 (1st Cir. 2002) (lower court abused its discretion in refusing to allow an attorney to withdraw since the client owed $80,000 in fees and thus had "failed to substantially to fulfill an obligation to [counsel] regarding the lawyer's services"); *Barton v. District of Columbia*, 207 F.R.D. 274, 277 (D.D.C. 2001) (granting motion to withdraw after a short delay because it was "not fair or wise to keep plaintiffs' counsel on the case for much longer in light of the plaintiffs' inability to pay.")

Consideration of all of these factors warrants granting the motion for withdrawal because any disruption to the schedule in this matter will likely be minor and the prejudice that will be incurred by Gray Plant Mooty if it is forced to continue its representation of Troast in this matter will be great. First, as noted above, this is a straightforward case. The number of relevant documents and the legal issues that apply to them are limited in scope and substance. The trial in this action would likely last no more than a day or two. As a result, new counsel for Troast would not need much time to come up to speed on the case and provide effective representation. In fact, Gray Plant Mooty did the same thing when it took over as counsel after the default judgment was entered and the case was dismissed earlier in the proceedings. Shortly after agreeing to take the case, Gray Plant Mooty was in a position both to move for relief from the default judgment order and, moreover, review and consult with Troast and the Wollmuth firm concerning the Answer (drafted by the Wollmuth firm) that was attached to the motion. Any new counsel retained by Troast would also be able to quickly review the file and the issues and be ready to fully participate in the proceedings—including responding to the currently pending

5

motion for summary judgment—within a reasonably short period of time. Also, given the rather narrow focus of this case, it is not a matter in which Gray Plant Mooty has accrued important experience and knowledge with respect to the specific facts or with respect to the general area of ERISA law.

Thus, Troast's new counsel should be able to be in the same position as Gray Plant Mooty within a short period of time. In addition, as noted above, Troast has continued to retain the original counsel in this case, Wollmuth Maher & Deutsch, for other legal matters at the same time this case has been pending and has (presumably) been paying that firm for its services. Therefore, Troast already has counsel who is familiar with the issues in this action and can, at the very least, assist Troast and any new counsel Troast retains to represent it in this case. Finally, it should be noted that Gray Plant Mooty also intends to move the Court for an extension to the November 13, 2006 deadline to allow Troast's new counsel to work on the response to the summary judgment motion.

Furthermore, although this case has been pending for more than a year, a relatively short delay will not unduly prejudice The Fund. Much of the delay in bringing this case to this point was the result of the default judgment issue and the subsequent agreed efforts by the parties to try to settle the matter (which lasted several months). Therefore, in reality, this case has only been in active litigation for a few months and any relatively minor delay at this point will not impact the Fund in any serious manner. For example, the Fund's monetary interest here are more than protected because the amount that Troast allegedly owes with respect to the period of time at issue in this case will not change and will thus be the same if liability is determined on the current schedule or with a short delay. In addition, the Fund is charging interest and late fees on any amounts due and that would be taken into account in any final judgment, if the Fund were

6

to receive it. Finally, as noted above, Gray Plant Mooty made the Fund's counsel aware of the fact that the Motion for Withdrawal was to be filed and agreed, in principle, that it would be cooperative and flexible with any new counsel retained by Troast—to a reasonable degree.

On the other hand, the financial impact of non-payment on Gray Plant Mooty has been and will be significant. The firm has not been paid for its services and now faces the likelihood that it will not be paid for the time it has already put into the case. On the other hand, the amount of time that Gray Plant Mooty will have to spend on this case will expand exponentially over the next few months as a result of the summary judgment process and, perhaps, trial. Regardless of how straightforward this case is, as this Court well knows, responding to a dispositive motion and preparing for a jury trial will still tale a great deal of time and effort. Thus, Requiring Gray Plant Mooty to continue with its representation of Troast in this action will likely mean the loss of tens of thousand of dollars to the firm.

Troast, at this point, has a choice. Either it can pay new counsel to defend itself in this action—since it likely cannot represent itself on *pro se* basis—or it can default on this action. But what it should not be allowed to do is to obtain tens of thousands of dollars in free legal services—which is exactly what it would receive if Gray Plant Mooty's motion for withdrawal of counsel is denied. In such circumstances, given the limited impact it would have on the case and the severe impact involvement in the case has had and will have on Gray Plant Mooty, allowing it to withdraw as counsel would serve the best interest of justice and fulfill the requirements of the Local Rules.

### III. CONCLUSION

Based on the foregoing, Gray Plant Mooty respectfully asks the Court to grant, in its entirety, its Motion for Withdrawal of Appearance under Local Rule 83.6(c).

    Respectfully submitted,

/s/ Jeffrey L. Karlin
Eric L. Yaffe (DC Bar No. 439750)
  Eric.Yaffe@gpmlaw.com
Jeffrey L. Karlin (DC Bar No. 458465)
  Jeffrey.Karlin@gpmlaw.com
GRAY, PLANT, MOOTY,
  MOOTY & BENNETT, P.A.
2600 Virginia Avenue, N.W.,
Suite 1111
Washington, D.C. 20037
Telephone:  (202) 295-2207
Facsimile:  (202) 295-2257

Date: November 2, 2006    Attorneys for Defendant The Troast Group, Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of November, 2006, a copy of the foregoing Counsel for Defendant's Memorandum of Law in Support of Counsel for Defendant's Motion for Withdrawal of Appearance under Local Rule 83.6(c) was sent by facsimile and first-class mail, postage prepaid, to the following:

The Troast Group, Inc.
100 West Century Road
Paramus, NJ  07652
Telephone:	(201) 252-7300
Facsimile:	(201) 262-1923
Defendant

Sanford G. Rosenthal, Esq.
  srosenthal@jslex.com
Shanna Cramer, Esq.
  scramer@jslex.com
JENNINGS SIGMOND
510 Walnut Street
Philadelphia, PA 19108
Telephone:	(215) 351-0611
Facsimile:	(215) 922-3524
Attorneys for Plaintiff International Painters and Allied Trades Industry Pension Fund

                    /s/ Jeffrey L. Karlin